· SEYMOUR F. CURTIS v. ALFRED C. PAGGETT.

TRESPASS ON LANDS — *Injunction, Refused.* When a petition states a
cause of action in damages to real estate, and also asks for an in-
junction to restrain the defendant from trespassing thereon, and the
jury find that the defendant had trespassed on plaintiff's land as
alleged in the petition, but that he had abandoned his trespasses be-
fore suit was begun, and the court refuses to perpetuate the injunc-
tion, but renders judgment for the plaintiff for nominal damages
and costs, *held*, not error.

*Error from Mitchell District Court.*

THE case is stated in the opinion. Judgment for plaintiff,
*Paggett*, on February 4, 1888, for one cent damages, and costs,

taxed at $202.45.   The defendant, *Curtis*, brings the case to this court.

*L. J. Crans*, for plaintiff in error.

*A. H. Ellis*, and *F. T. Burnham*, for defendant in error.

Opinion by STRANG, C.: December 12, 1885, Alfred C. Paggett began a suit in the district court of Mitchell county, Kansas, against Seymour F. Curtis.   The petition stated a cause of action in damages for injury to real estate, and also asked for an injunction.   The plaintiff alleged that he had a well of water upon his land in Mitchell county, Kansas, and that the source whence the supply of water in said well came was also upon his land, a short distance north and west of the well.   The defendant owned a farm which cornered with the plaintiff's on the southwest, and it is alleged that the defendant sunk a well on his own land on the northeast corner thereof to the depth of 45 feet; that he then tunneled from the cavity of said well 18 feet in a northwesterly direction, and bored with a well auger in the same direction 54 feet; that the course of the channel made by such tunneling and boring was in the direction of the plaintiff's land and of the source of the supply of water in the plaintiff's well; that said channel was made with the intention of tapping said supply of water on the plaintiff's land, and that it had crossed the line onto the land of the plaintiff, a distance of 25 feet.

The defendant answered, admitting that he owned the farm cornering with the plaintiff's as set out in the petition, and that he had sunk a well, tunneled and bored, upon his said farm for the purpose of obtaining water thereon, but declared that the attempt to thus obtain water had proven a failure, and that he had wholly abandoned it long before the commencement of the suit by the plaintiff.   The case was tried by the court, which also submitted certain questions to a jury. The jury found, among other things, that the defendant, in his attempt to secure water, had carried his channel across the

line onto the land of the plaintiff some 16 feet, and that in so doing he had intended to reach the water on the plaintiff's land which supplied the plaintiff's well, and divert the same from the plaintiff's land and well to his own. But the jury also found that the defendant had abandoned his attempt to thus secure water before suit was begun.

The court entered judgment for the plaintiff for one cent damages, and costs taxed at $202.45. A motion for new trial was overruled, and the defendant below appeals to this court, and asks that the judgment below be reversed. He contends that the action was solely a proceeding for an injunction, and that, as the jury found the work on his well had been abandoned before the commencement of the action, the plaintiff was not entitled to an injunction, and not being entitled to an injunction he was not entitled to any judgment at all, and the defendant should have had judgment for costs. We do not think this view of the case is tenable. We think the judgment rendered by the court entirely proper under the circumstances of the case. The petition states a cause of action for damages, and also for an injunction. The injunction part of the case failed only because the defendant had abandoned his unlawful attempt to reach and divert the water from the plaintiff's well before the suit was begun. The jury having found that the defendant had abandoned his well and all effort on his part in the direction complained of before the plaintiff asked for an injunction, the court, for that reason, did not perpetuate it. But the injunction allowed was not all there was to the case. The plaintiff claimed that he was damaged in the sum of $100, and alleged in his petition facts in support of his claim. The jury found that the defendant had bored his channel 16 feet into the land of the plaintiff. This was a trespass upon the plaintiff's land by the defendant, for which he was entitled to nominal damages at least, and that is exactly what the court below gave him. A judgment for nominal damages carries costs. The fact that an injunction was allowed at the commencement of the action added no more costs, practically, than would have

accrued without such order.    We find no error in the proceedings, and recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.